IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-242-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CESAR INEZ DELATORRE, | ) | |
| | ) | |
| Defendant. | ) | |

On September 21, 2009, pursuant to a plea agreement [D.E. 8], Cesar Inez Delatorre ("Delatorre") pleaded guilty to distributing more than 5 grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 7]. On March 1, 2010, the court held Delatorre's sentencing hearing. See Sentencing Tr. [D.E. 29] 2–26. At the hearing, the court adopted the facts contained in the Presentence Investigation Report ("PSR") and ruled on the objection to the PSR. See id. 4–13; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Delatorre's total offense level to be 29, his criminal history category to be IV, and his advisory guideline range to be 121–151 months. See Sentencing Tr. 12–13. Pursuant to U.S.S.G. § 5K1.1, the court then granted the government's motion for a downward departure. See id. 13–14; [D.E. 22]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Delatorre to 84 months' imprisonment. See [D.E. 24]. Delatorre did not appeal.

On October 1, 2015, Delatorre filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 32]. Delatorre's new advisory guideline range is 100–125 months' imprisonment, based on a total offense level of 27 and a criminal history category of IV. See Resentencing Report. Delatorre requests a 70-month sentence. See id..

The court has discretion to reduce Delatorre's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Delatorre's sentence, the court finds that Delatorre engaged in serious criminal behavior. See PSR ¶¶ 4–8. His offense conduct involved cocaine, crack cocaine, marijuana, and firearms. See id. Furthermore, Delatorre's criminal history includes multiple drug convictions and convictions for receiving and possessing stolen property. See id. ¶¶ 15–32. Moreover, while incarcerated on his federal sentence, Delatorre has been sanctioned for infractions for disruptive conduct, interfering with secrecy device, two counts of possessing unauthorized items, use of drugs/alcohol, refusing drug/alcohol test, possession of drugs/alcohol, and threatening bodily harm. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). Nonetheless, Delatorre has engaged in some positive behavior while incarcerated on his federal sentence. See Resentencing Report; [D.E. 32].

Having reviewed the entire record and all relevant policy statements, the court finds that Delatorre received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Delatorre's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Delatorre's serious criminal conduct, criminal history, and misconduct while incarcerated do not support reducing Delatorre's sentence. Thus, the court denies Delatorre's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x

2

at 225–26; Perez, 536 F. App'x at 321.

In sum, Delatorre's motion for reduction of sentence [D.E. 32] is DENIED.

SO ORDERED. This 30 day of June 2016.

                                            JAMES C. DEVER III
                                            Chief United States District Judge